IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CYNTHIA S., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Case No. 4:24-cv-00910-BT |
| § | | |
| COMMISSIONER § | | |
| OF SOCIAL SECURITY, § | | |
| § | | |
| Defendant. § | | |

## **MEMORANDUM OPINON AND ORDER**

Before the Court is Plaintiff Cynthia S.'s[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. For the reasons explained below, the Court AFFIRMS the Commissioner's decision.

## **Background**

Plaintiff was born in 1968. Admin. R. 45 (ECF No. 12-1).[2] She has an 11th grade education, and she has worked as a home health aide and a cosmetologist. Admin. R. 51, 58, 81. Plaintiff alleges that she is disabled due to a variety of physical and mental impairments, including long-term COVID-19, asthma, shortness of

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018, Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.
[2] Citations to the record refer to the CM/ECF page numbers at the top of each page rather than page numbers at the bottom of each filing.

1

breath, depression with psychosis, anxiety, audio hallucinations, neuropathy, diabetes, obesity, right-foot tendinitis, back problems, memory problems, difficulty focusing, hypertension, and bipolar disorder. *See* Admin. R. 49, 61, 88. Plaintiff is insured for disability insurance benefits (DIB) under Title II of the Social Security Act until December 31, 2025. Pl.'s Br. 5; Admin R. 21. On June 14, 2021, she applied for DIB and for supplemental social security income (SSI) under Title XVI, alleging disability beginning May 10, 2020. Admin R. 19. Plaintiff's claims were initially denied on February 7, 2022 and upon reconsideration on October 20, 2022. Admin R. 19. She thereafter filed a written request for a hearing and an Administrative Law Judge (ALJ) held a telephone hearing on October 4, 2023. *Id.*

After hearing testimony from Plaintiff and a Vocational Expert (VE), the ALJ found Plaintiff was not disabled from May 10, 2020 through the date of the ALJ's decision and thus not entitled to benefits. Utilizing the five-step sequential evaluation[3], the ALJ first found that Plaintiff's work in 2022 and 2023 did "not rise

---

[3] "In evaluating a disability claim, the [ALJ] conducts a five-step sequential analysis to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The plaintiff bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the plaintiff can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the plaintiff is disabled or not disabled at any

to the level of substantial gainful activity," and thus Plaintiff had not engaged in substantial gainful activity from May 2020 to the date of her decision. Admin. R. 22.

At the second step, the ALJ found that Plaintiff suffered from the severe impairments of "asthma, diabetes mellitus, neuropathy, and obesity" which significantly limit her ability to perform basic work activities. Admin R. 22. The ALJ found that Plaintiff's other claimed impairments were either non-severe impairments or non-medically determinable impairments based solely on Plaintiff's allegations regarding symptoms but not established by the requisite dialogistic findings in the medical evidence. *See* Admin. R. 22–25. Specifically, the ALJ found Plaintiff's medically determinable mental impairments of depression and bipolar disorder were not severe, as they resulted in no more than mild limitation in her ability to perform basic mental work activities, "she is not receiving mental health treatment," and she "takes medications for her [mental health] that are sometimes helpful." Admin. R. 23. The ALJ also found that although Plaintiff was hospitalized for Covid, Plaintiff's alleged post-Covid syndrome had not been medically established—she "has never been diagnosed with [post-Covid syndrome]." Admin R. 22.

---

point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

3

At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment in appendix 1 of the social security regulations. Admin R. 25.

Before proceeding to the fourth step, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c)[4] except she must avoid concentrated exposure to dust, fumes, odors, gases, and other pulmonary irritants. She cannot perform work involving any exposure to unprotected heights, dangerous moving machinery, extreme hot temperatures (defined as over ninety (90) degrees), extreme cold temperatures (defined as under thirty (30) degrees), or excessive humidity (defined as over eighty (80) percent). She can perform no climbing of ladders, ropes, or scaffolds.

Admin R. 26.

Next, the ALJ found that Plaintiff was able to perform her past relevant work as a cosmetologist. Admin. R. 29–30. And relying on the VE's testimony, the ALJ found that, in addition to her past relevant work or alternatively, Plaintiff could perform other jobs that exist in significant numbers in the national economy, such as a stores laborer, hospital cleaner, and patient's transporter, as those jobs are described in the Dictionary of Occupational Titles (DOT). Admin. R. 30–31.

---

[4] Medium work involves occasionally lifting no more than 50 pounds at a time with frequent lifting and carrying of objects weighing up to 25 pounds. *See* 20 C.F.R. §§ 404.1567(c), 416.967(c).

Therefore, the ALJ found that Plaintiff was not disabled as defined by the Social Security Act and was not entitled to benefits. Admin. R. 31.

The Appeals Council denied Plaintiff's request for review. Admin. R. 6–10. Plaintiff then appealed the ALJ's decision to this Court. In two grounds, Plaintiff argues (1) the ALJ erred by failing to account for Plaintiff's anxiety and the effects of her anxiety in the RFC assessment, and (2) the ALJ erred by failing to account for Plaintiff's alleged post-Covid syndrome and finding that the residuals from Plaintiff's Covid-19 infection were non-severe impairments. Pl.'s Br. 9–23 (ECF No. 13).

## Legal Standard

Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and whether the proper legal standards were utilized. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues de novo, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that

was reached by the ALJ." *Corpany v. Colvin*, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)).

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## Analysis

On appeal, Plaintiff raises two arguments. First, she contends that the ALJ's decision is not supported by substantial evidence because she "failed to account for

[] Plaintiff's anxiety and the effects of [] Plaintiff's anxiety in her [RFC] assessment." Pl.'s Br. 13. Second, she contends that the ALJ's decision is not supported by substantial evidence because she "erred by finding residuals from Plaintiff's Covid-19 infection to be [] non-severe impairment[s]" and did not "follow[] the guidelines in evaluating Covid-19 and Long Covid syndrome pursuant to Social Security Emergency Message [] Evaluating Cases with Coronavirus Disease 2019." *Id.* at 13, 21. For the reasons set forth below, the Court finds Plaintiff's arguments unavailing.

### A. *Plaintiff's Anxiety*

The Court first addresses Plaintiff's argument that the ALJ committed error by failing to account for Plaintiff's anxiety, and the effects of her anxiety, in the RFC assessment. *See generally* Pl.'s Br. In other words, Plaintiff argues, that had the ALJ properly considered Plaintiff's anxiety, the ALJ would have found her anxiety to be a severe impairment. Plaintiff objects that the ALJ "did not mention at all [Plaintiff's] long term anxiety disorder," "did not explain her evaluation of [Plaintiff's] anxiety disorder," and "did not provide any limitations in her RFC with respect to [] Plaintiff's anxiety disorder." *Id.* at 11. Plaintiff argues that those errors make it impossible to meaningfully evaluate whether the ALJ's RFC is supported by substantial evidence. *Id.*

The Commissioner responds that "in the absence of medically documented symptoms associated with anxiety, Plaintiff cannot show that the ALJ's assessment of her non-severe mental impairments was erroneous." Comm'r's Br. 5. And that

"while the ALJ may not have specifically found that an anxiety disorder was present, the anxiety-related symptoms that Plaintiff described at the hearing were nevertheless addressed in the decision." *Id*. at 5–6.

Having reviewed the entire record, the Court finds that the ALJ properly considered Plaintiff's anxiety and anxiety-related symptoms, even though she referred to Plaintiff's mental health condition more broadly. *See S.F. v. Comm'r of Soc. Sec. Admin.*, 2022 WL 4596721, at *4 (D.N.J. Sept. 30, 2022) ("The ALJ discussed Plaintiff's alleged mental impairments at length, and just because he referred to Plaintiff's depression and anxiety more broadly as 'mental impairments,' and did not use the specific words 'general anxiety disorder,' does not mean that the ALJ failed to consider them."); *see also Sanz v. Astrue*, 2013 WL 164945, at *7 (D.N.J. Jan. 11, 2013) ("the substantial evidence standard does not find the lack of the word 'anxiety' to warrant remand."). The ALJ also did not err in finding that Plaintiff could return to her past relevant work, at the semi-skilled level, or alternatively to other medium unskilled work. Admin. R. 29–30.

The ALJ decided that Plaintiff's mental health impairments were non-severe. *See* Admin. R. 23–34. In reaching this decision, the ALJ reviewed the "paragraph B" criteria and determined that Plaintiff had a mild limitation in understanding, remembering, or applying information; no limitation in interacting with others; a mild limitation in concentrating, persisting, or maintaining pace; a mild limitation in adapting or managing herself; and that the evidence does not otherwise indicate more than a minimal limitation in Plaintiff's

ability to do basic work activities. Admin R. 23–24. The ALJ also considered that Plaintiff is not involved in any consistent, formal mental health treatment, that she experiences improvement while on her medications, and she "does not have any problems being around others" as evidenced by visiting with her children, shopping in stores, going out to eat, and attending church. Admin R. 23. And the ALJ noted, as part of her RFC assessment, that Plaintiff reported being independent in her self-care and activities of daily living. Admin. R. 28.

The ALJ also considered "the January 24, 2022 and October 19, 2022 determinations of state agency psychological consultants Renate Wewerka, Ph.D. [] and Meagan C. Parmley, Ph.D. []," each of whom "determined that there was insufficient evidence to determine if [Plaintiff's] medically determinable mental health impairments caused any limitation in functioning." Admin. R. 24. Referring to these same medical records, Plaintiff argues "[t]he agency found that Plaintiff's [a]nxiety disorder is a severe impairment." Pl.'s Br. 9. The ALJ found that Dr. Wewerka and Dr. Parmley's determinations "[held] little persuasive value" because they were made despite specific reports of inadequate evidence to establish that Plaintiff's medically determinable health impairments caused any functional limitations, *see* Admin R. 24, 90, 99–100, and because Plaintiff's hearing testimony showed she experienced "some improvement" in her mental health symptoms when she took medication, *see* Admin. R. 24.

The Court is satisfied that substantial evidence in the record supports the ALJ's conclusion that Plaintiff's mental health impairments were non-severe. "The

9

definition of medically severe impairment at step two 'has a specific—if somewhat surprising—meaning.'" *Vandella M. v. Kijakazi*, 2023 WL 5437163, at *3 (N.D. Tex. July 26, 2023), *adopted by*, 2023 WL 5437767 (N.D. Tex. Aug. 23, 2023) (quoting *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018)). "Phrased in the negative, an 'impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.'" *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021) (alteration in original) (quoting *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985)). "This second step requires the claimant to make a de minimis showing." *Salmond*, 892 F.3d at 817.

Here, the record shows that Plaintiff has certainly complained of anxiety, *see* Pl.'s Br. 9–10 (citing medical records)[5], but as the ALJ discussed, *see* Admin. R. 23–24, Plaintiff's mental impairments do not interfere with her ability to work. Indeed, the evidence revealed that, despite her symptoms, Plaintiff worked for over a year—from March 2022 to June 2023—for State Home Health; and, even though her work did not quite rise to the level of substantial gainful activity, it was "a

---

[5] To support her argument, Plaintiff cites to, among other records, notes from a 2021 telephone appointment where she complained of anxiety and was instructed to continue her medications (Admin. R. 805 (ECF No. 12–6)); a 2022 anesthesia procedure evaluation noting her anxiety (Admin. R. 1554 (ECF No. 12–6)); notes from a 2021 behavioral health assessment where she complained of anxiety symptoms (Admin. R. 1582 (ECF No. 12–6)); and notes from a 2023 urgent care visit for tongue pain where a health history list included anxiety as a problem area (Admin. R. 375 (ECF No. 12–7)).

significantly greater amount of work than [Plaintiff] indicated at the hearing." Admin. R. 22. And Plaintiff's own statements established that she is not receiving mental health counseling or therapy; does not forget to take her medications, which help her symptoms; and does not have problems being around other people—going to the grocery store with her kids, going to church twice a month, and going out to restaurants with her family. *See* Admin. R. 67, 69, 70, 71, 75.

The ALJ also properly addressed the persuasiveness of Dr. Wewerka and Dr. Parmley's determinations, finding them non-persuasive due to insufficient evidence. *See* Admin. R. 24. The Social Security Administration's rule for assessing medical opinion evidence governs all claims filed on or after March 27, 2017, including Plaintiff's here. The rule provides that the ALJ will not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from the [claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Instead:

> The ALJ shall "evaluate the persuasiveness" of all medical opinions and prior administrative medical findings using the factors set forth in the regulations: (1) supportability; (2) consistency; (3) relationship with the claimant, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization; and (5) other factors, including but not limited to evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of the agency's disability program's policies and evidentiary requirements. However, supportability and consistency are the most important factors. Supportability means the degree to which objective medical evidence supports the medical opinion at issue, and consistency looks to the consistency between different medical opinions across the record.

*Lacher v. Comm'r, SSA*, 2024 WL 4206749, at *6 (E.D. Tex. Aug. 26, 2024), *adopted by*, 2024 WL 4205585 (E.D. Tex. Sept. 16, 2024) (internal citations omitted). The ALJ sufficiently explained why she found Dr. Wewerka and Dr. Parmley's determinations unpersuasive and inconsistent—the evidence on which they were based in 2022 was significantly limited in relation to Plaintiff's mental condition(s) and Plaintiff's hearing testimony better addressed her mental health. *See* Admin. R. 24. And the ALJ is "not required to provide a point-by-point discussion of each and every medical opinion." *Perusqia v. O'Malley*, 2024 WL 5248430, at *7 (S.D. Tex. Dec. 12, 2024) (citing *Lee v. Comm'r of Soc. Sec.*, 2022 WL 4490176, at *4 (S.D. Tex. Sept. 27, 2022)). "[A]n explanation will be sufficient if it 'enables the court to undertake a meaningful review of whether [the ALJ's] finding with regard to the particular medical opinion was supported by substantial evidence, and does not require the Court to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof.'" *Id.* (citing *Luckett v. Kijakazi*, 2021 WL 5545233, at *4 (S.D. Tex. Nov. 26, 2021)).

Regardless of finding Plaintiff's mental impairments, including her anxiety, were non-severe, the ALJ was still required to consider whether the non-severe impairments warranted any limitations in her RFC assessment. "In evaluating a [plaintiff's] RFC, the ALJ must consider the limiting effects of all impairments, even those that are not severe." *Hernandez v. Comm'r of Soc. Sec.*, 748 F. Supp. 3d 442, 448 (W.D. Tex. 2024) (citing 20 C.F.R. § 404.1545(e)). To be clear, "an ALJ does not commit legal error by declining to include mental limitations in a

12

claimant's RFC, so long as the ALJ's opinion makes clear that [she] considered the limiting effects and restrictions of all impairments in the RFC analysis, even those that are non-severe." *Id.* Here, the ALJ assessed Plaintiff as having mild limitation in three areas of the psychiatric review technique (PRT) and included discussion of these limitations in assessing Plaintiff's RFC. *See* Admin. R. 23–24, 28. Accordingly, the Court is satisfied that the ALJ's RFC assessment considered Plaintiff's non-severe mental impairments. *See Vandella M.*, 2023 WL 5437163, at *5 (finding the ALJ sufficiently considered Plaintiff's mental impairments in calculating the RFC and did not err in her decision not to include any mental limitations in the RFC); *see also Mindy C. v. Kijakazi*, 2022 WL 3210357, at *5 (N.D. Tex. Aug. 9, 2022) (finding no legal error where the ALJ properly considered plaintiff's mental impairments in calculating the RFC and did not include them in the RFC); *Danny R. C. v. Berryhill*, 2018 WL 4409795, at *15–16 (N.D. Tex. Sept. 17, 2018) (finding no legal error where the ALJ declined to include mental limitations in plaintiff's RFC because the ALJ's "decision reflect[ed] that he considered Plaintiff's mental functioning when performing his RFC analysis.").

Contrary to Plaintiff's argument, *see* Pl.'s Br. 11-13, even if the ALJ found Plaintiff's anxiety to be a severe impairment, "several Texas federal courts have found that an ALJ does not err solely by finding an impairment severe at step two and failing to attribute any limitation to that impairment in his RFC assessment." *Walker v. Colvin*, 2015 WL 5836263, at *15 (N.D. Tex. Sept. 30, 2015) (collecting cases and discussing the split in authority among Texas federal courts on this

issue). The Fifth Circuit has held "[t]he ALJ's finding that [the plaintiff] had 'a combination of impairments that is severe' did not foreclose a finding that [the plaintiff] had a residual functional capacity to perform a range of light work[] and is not necessarily inconsistent with that finding." *See Boyd v. Apfel*, 239 F.3d 698, 706 (5th Cir. 2001) (quoting 20 C.F.R. § 404.1520a(c)(2))5; *see also Gutierrez v. Barnhart*, 2005 WL 1994289, at *9 (5th Cir. Aug. 19, 2005) (per curiam) ("A claimant is not entitled to Social Security disability benefits merely upon a showing that (s)he has a severe disability. Rather, the disability must make it so the claimant cannot work to entitle the claimant to disability benefits."); *Rivera v. Comm'r of Soc. Sec.*, 2021 WL 7906837, at *1 (E.D. Tex. Nov. 22, 2021) (citing Walker, 2015 WL 5836263, at *15) ("[A] court may find that an impairment is severe; however, that does not necessarily mean that the impairment must result in limitations in the RFC."); *Quigley v. Astrue*, 2010 WL 5557500, at *8 (N.D. Tex. Sept. 8, 2010) (noting that step two and the RFC determination are different inquiries), *adopted by*, 2011 WL 61630 (N.D. Tex. Jan. 5, 2011).

In sum, the Court finds that, in view of the entire record, the ALJ considered Plaintiff's anxiety, reasonably determined that Plaintiff's mental impairments were non-severe, and the ALJ's RFC finding was supported by substantial evidence.

### B. Plaintiff's post-Covid Syndrome

The Court next addresses Plaintiff's argument that the ALJ committed error by failing to account for her alleged post-Covid syndrome and finding that "the

14

residuals from Plaintiff's Covid-19 infection" were non-severe impairments. *See* Pl.'s Br. 13, 18–19.

At Step 2, the ALJ "first must decide whether an alleged impairment is an impairment at all. If not, there is no error in failing thereafter to mention or analyze the alleged impairment further." *Jason R. v. Comm'r of Soc. Sec. Admin.*, 2024 WL 4592377, at *6 (N.D. Tex. Oct. 28, 2024) (citing *Domingue v. Barnhart*, 388 F.3d 462, 463 (5th Cir. 2004) (per curiam). Here, the ALJ found that Plaintiff did have Covid and was hospitalized, but that Plaintiff's post-Covid syndrome was neither diagnosed nor medically established by the record, and her symptoms did not cause more than minimal functional limitations for a period of twelve months, which is required to meet the durational requirement to be a severe impairment. Admin. R. 22–23.

Plaintiff argues the ALJ should have found that post-Covid syndrome was present and that the "residuals" from her infection, including shortness of breath for over a year, were severe impairments. To support her argument, Plaintiff copy-and-pasted more than four pages of the Commissioner's Emergency Message (EM) 21-21032, arguing that the ALJ did not follow agency guidelines. Pl.'s Br. 13–17, 21. Plaintiff directs the Court to symptoms like Plaintiff's continued shortness of breath, moderate persistent asthma, type 2 diabetes, and kidney problems, *see, e.g.*, Pl.'s Br. 18–19, to show that Plaintiff had post-Covid syndrome. Plaintiff argues the "ALJ failed to adequately and properly examine both the objective and subjective on-going issues that the Plaintiff's experience [sic] as a result of the

15

Covid-19 virus and the exacerbating effect the virus had on Pre-Covid MDI." Pl.'s Br. 19. Plaintiff also argues that the ALJ "did not articulate the persuasiveness of all the medical opinions and prior administrative findings in this case record, nor did she include an explanation of how she considered the factors of supportability and consistency . . . ." *Id.* at 21–22.

The Commissioner argues that the record does not support Plaintiff's claims of post-Covid syndrome or an extended recovery period. Comm'r's Br. 9. First, the Commissioner argues that "without evidence of residual symptoms or a change to previously existing medical conditions, nothing in the [EM 21-21032] requires a finding different from" the one made in this case. *Id.* at 7. The Commissioner acknowledges Plaintiff's respiratory impairment during the relevant period but argues that her "sporadic asthma exacerbations during the relevant period do not show that her Covid infection resulted in a permanent and ongoing additional medical condition that was distinct from her pre-existing asthma." *Id.* at 8. And the Commissioner argues that "the record shows that Plaintiff returned to her pre-infection status approximately three months after discharge, [] required no treatment for kidney dysfunction, and experienced occasional asthma exacerbations that were often related to [running] out of prescribed medications." *Id.* at 9.

Plaintiff's attempts to highlight countervailing evidence that would favor a finding of post-Covid syndrome, *see* Pl.'s Br. 18–20, merely invites the Court to reweigh the evidence, which it declines to do. *See Carey v. Apfel*, 230 F.3d 131, 135

16

(5th Cir. 2000) (A reviewing court may not reweigh the evidence or substitute its judgment for the ALJ's judgment even if the evidence weighs against the ALJ's determination.). The Court cannot reweigh evidence to decide if Plaintiff did or did not have post-Covid syndrome—the Court can only look at the record and see if there is substantial evidence for the ALJ to find that Plaintiff's alleged post-Covid syndrome was not a medically determinable impairment. There is substantial evidence in the record here for the ALJ's conclusion that Plaintiff was not diagnosed with post-Covid syndrome or have symptoms for more than a year. For example, Plaintiff's medical records show that she was hospitalized for her Covid diagnosis for approximately one month and discharged on June 11, 2020 (Admin. R. 457 (ECF No. 12–1)); by June 17, 2020, she was "on oxygen" but "feeling better" and "on exam lungs sounded better" (Admin. R. 56 (ECF No. 12–6)); by July 30, 2020, her "pulmonary effort [was] normal" with "no respiratory distress" and 100% oxygen saturation (Admin. R. 66–67 (ECF No. 12–6)); *see also* Admin. R. 1571 (ECF No. 12–6) (progress notes from December 16, 2021 stating normal pulmonary effort and normal breath sounds).

Additionally, in reaching her conclusion on Plaintiff's RFC, the ALJ considered all severe and non-severe impairments and symptoms as far as they could be supported by medical opinions. *See, e.g.*, Admin. R. 27 (considering Plaintiff's asthma, use of supplemental oxygen, and shortness of breath).

## Conclusion

Because the ALJ's findings and RFC assessment are supported by substantial evidence, the Court AFFIRMS the final decision of the Commissioner.

**SO ORDERED**.

August 22, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE